UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | No. 18 CR 885 |
| v. | ) | |
| | ) | |
| | ) | Honorable Thomas M. Durkin |
| JAMES LEPARSKI | ) | |

**GOVERNMENT'S MOTION TO LIMIT EVIDENTIARY HEARING**

The UNITED STATES OF AMERICA, by its attorney, JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, hereby respectfully requests that this Court limit the scope of the evidentiary hearing on defendant James Leparski's motions to suppress.

On October 23, 2019, postal inspectors obtained a search warrant from Magistrate Judge Maria Valdez to search a parcel (the Subject Parcel), in which they discovered 483 grams of methamphetamine. This search warrant was supported by an affidavit signed by Postal Inspector Michael Todd. The affidavit contained two mistakes: It misidentified the dog that alerted to the presence of narcotics in the Subject Parcel as a U.S. Customs and Border Patrol dog; and it erroneously stated that the recipient address and name were not associated. On October 25, 2019, postal inspectors obtained and executed an anticipatory search warrant in connection with a controlled delivery of the Subject Parcel to Leparski's residence. The affidavit in support of this search warrant specifically disclosed to Judge Valdez the two mistakes

made in the previous affidavit and corrected those mistakes.[1]

Leparski has moved to suppress statements he made to postal inspectors on December 21, 2018 (Dkt. No. 87) and to suppress the methamphetamine recovered from the Subject Parcel pursuant to the October 23, 2019 warrant (Dkt. No. 88). In the latter motion, Leparski argued that law enforcement lacked reasonable suspicion to seize and detain the package and that the warrant was not supported by probable cause. *Id.* at 4-12. With the government's agreement, this Court granted a hearing as to the voluntariness of defendant's statement, reasonable suspicion to seize the Subject Parcel, and the probable cause supporting the warrant to search the Subject Parcel, in particular, the reliability of the canine that alerted to the presence of narcotics in the Subject Parcel. Dkt. No. 98.

Recently, during a trial in *United States v. Williams*, Case No. 18 CR 149 (Coleman, J.), Leparski's counsel (who also represents the defendant in *Williams*) sought to attack the credibility of Inspector Todd (a testifying witness in *Williams*) on the ground that the October 23, 2019 affidavit in Leparki's case contained material misrepresentations. Specifically, defense counsel accused Inspector Todd of lying, under oath, in the affidavit submitted in support of the warrant to search the Subject Parcel in this case.

In seeking to suppress the warrant to search the Subject Parcel in the instant

---

[1] The government requested and received from the court a continuance of the previously-scheduled date for the suppression hearing to conduct additional investigation regarding these mistakes. On July 7, 2021, the government made a written disclosure to Leparski's counsel related to the information uncovered during this additional investigation.

case, Leparski has not moved for a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978)—nor has he met or could he meet the substantial preliminary showing required for such a hearing, which requires materially inaccurate information, necessary to a finding of probable cause, and that the affiant acted intentionally or recklessly to deceive the court. *See, e.g., United States v. Maro*, 272 F.3d 817, 821 (7th Cir. 2001). Instead, Leparki's reply brief in support of the motion to suppress the Subject Parcel warrant merely makes the conclusory allegation that Inspector Todd made "reckless" "false statements." Dkt. No. 95 at 8. This conclusory allegation does not come close to the *prima facia* showing required to warrant a *Franks* hearing.

In light of defendant's accusations surrounding Inspector Todd's affidavit, the government moves to limit the scope of the evidentiary hearing to the topics previously briefed: the voluntariness of defendant's statement, reasonable suspicion to seize the Subject Parcel, and the probable cause supporting the warrant to search the Subject Parcel, in particular, the reliability of the canine who alerted to the presence of narcotics in the Subject Parcel.

If a *Franks* motion is later brought by defendant, the government would request the opportunity to fully brief the matter before any hearing is set. Leparski cannot establish that the two mistakes in question were deliberately made— particularly given that they were raised to the attention of the issuing judge within two days— or that they were material to the probable cause finding.

        Respectfully submitted,

        JOHN R. LAUSCH, JR.
        United States Attorney

By:   */s/ Shy Jackson*
        SHY JACKSON
        ANDREW DIXON
        Assistant United States Attorneys
        219 South Dearborn Street
        Chicago, Illinois 60604
        (312) 886-1317